*165 OPINION OF THE COURT
Per Curiam.
Tenants concede that they harbored a dog in violation of the “no pets” lease provision and that this holdover proceeding was timely commenced under Administrative Code of the City of New York § 27-2009.1. We discern no factual issue as to the remaining defense of retaliatory eviction which would preclude summary judgment on the petition. There is no allegation of any prior complaint made to governmental authorities concerning conditions within the apartment or any record evidence of building code violations (Real Property Law § 223-b). The mere settlement of a negligence lawsuit, commenced as a consequence of injuries sustained by tenants’ son when a fixture apparently fell in the apartment, is not, in and of itself, an adequate basis for a retaliatory eviction claim (see, Weil v Kaplan, 175 Misc 2d 482 [App Term, 2d Dept]). Similarly, the Division of Housing and Community Renewal’s denial of landlord’s permissible applications for high income rent decontrol is not evidence of retaliatory motive in this proceeding.
Issuance of the warrant is stayed for 10 days after service of a copy of this order with notice of entry so that tenants may cure the breach of lease (RPAPL 753 [4]).
The matter is remanded to the Civil Court for further proceedings on landlord’s claims for use and occupancy and attorneys’ fees as the prevailing party.